UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
THE BRANDING GROUP, LLC,                :        06 Civ. 13209 ( DAB )
                                        :
                  Plaintiff,            :        ECF CASE
                                        :
   -against-                            :
                                        :        **COMPLAINT**
                                        :
FABRIKANT-LEER INTERNATIONAL, LTD.,     :
                                        :
                  Defendant.            :
------------------------------------------------------------------ x

Plaintiff, The Branding Group, LLC ("TBG"), by its attorneys, Stempel Bennett Claman & Hochberg, P.C., complaining of the defendant Fabrikant-Leer International, Ltd. ("Fab-Leer"), alleges as follows:

## NATURE OF THE ACTION

1. This action arises from a joint venture between Fab-Leer and TBG in which TBG provided advertising, promotion and customers for jewelry provided by Fab-Leer, which jewelry was sold by TBG under TBG's brand names. Fab-Leer shipped the jewelry under TBG's brand names pursuant to customer orders obtained by TBG. Moreover, Fab-Leer invoiced the customers, and collected the sales proceeds from these customers on behalf of TBG and itself.

2. As part of this joint venture, Fab-Leer and TBG agreed to the cost of the jewelry to be sold under the TBG brands and TBG set the price for its branded jewelry. Fab-Leer and TBG agreed that when money was collected from the customers, the amount of the agreed cost of the jewelry belonged to Fab-Leer and the difference between the agreed cost and sales price belonged to TBG. Fab-Leer and TBG pursued this joint venture from on or about April 1, 2005 to on or about May 16, 2006, and this venture was the continuation of an identical joint venture

between TBG and Fab-Leer's predecessor-in-interest, which venture was begun on or about November 1, 2004.

3. On or about May 16, 2006, Fab-Leer failed to abide by its agreement with TBG, and since that time has violated its fiduciary duty to TBG, its joint venture partner, by not paying over to TBG: $251,632.03 of TBG's funds it collected on the sale of TBG branded jewelry prior to on or about May 16, 2006; $79,649.41 of TBG funds it collected since on or after May 17, 2006 on payments for TBG branded jewelry; and, an additional $48,624.70 of TBG funds which TBG believes Fab-Leer has collected since on or after May 17, 2006 on payments for TBG branded jewelry. Thus, TBG believes that Fab-Leer is indebted to it for at least $379,906.59.

## **THE PARTIES**

4. Upon information and belief, Fab-Leer is a New York corporation with a principal place of business in New York County, State of New York.

5. TBG is a Florida limited liability company with a principal place of business in Dade County, State of Florida.

## **JURISDICTION AND VENUE**

6. The amount in controversy exceeds, excluding interest and costs, the sum of $75,000.00.

7. Jurisdiction is predicated on 28 U.S.C. §1332, diversity of citizenship and amount.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(a).

## FACTUAL ALLEGATIONS

9. TBG is an advertising and branding agency.

10. Leer Gem, Ltd. ("Leer") was a supplier of precious and semi-precious jewelry, including diamonds.

11. Fab-Leer is a supplier of precious and semi-precious jewelry, including diamonds.

12. Unlike many other advertising and branding agencies, not only does TBG assist companies which produce products develop products and help those companies advertise and sell their products, TBG also owns and/or holds licenses for brand names for which companies produce products which TBG advertises, promotes and sells under its brand names and TBG and the product producing company engage in a joint venture in the sale and marketing of the TBG branded products.

13. As of on or about November 1, 2004, TBG owned the fine jewelry brand name "Chameleon Jewelry Collection" and held a license for the fine jewelry brand name "Fireburst Gems" (together, the "Brands").

14. Fireburst Gems is a brand name for a diamond collection and Chameleon Jewelry Collection is a brand name for a collection of cultured alexandrite jewelry with or without diamonds.

15. On or about November 1, 2004, TBG agreed with Leer, a predecessor-in-interest to Fab-Leer, to form, and intended to form, a joint venture on the following terms (the "Agreement"):

    A. Leer agreed to provide the finished jewelry for the Brands;

    B. Leer and TBG agreed that the jewelry to be sold under the Brands was primarily to be jewelry which was designed by TBG, with certain pieces

3

of non-branded, existing Leer jewelry which would be adapted to the style of the Brands;

C. TBG agreed to advertise, promote and sell the Brands and to provide display materials to TBG's customers;

D. Leer agreed to ship the jewelry under the Brands to TBG's customers and to collect the sales proceeds from the customers;

E. Leer agreed with TBG that they would together arrive at a cost for the jewelry Leer was to provide for the Brands (which cost would include Leer's profit) and TBG would set the selling price for the Brands;

F. Leer and TBG agreed that upon the receipt and clearance of customer payments, Leer would receive its cost, to which TBG had previously agreed, and TBG would receive the difference between that cost and the sale price; and

G. To the extent a payment was not received for jewelry provided by Leer and sold by TBG and Leer under the Brands, due to theft, loss in transit or failure of a customer to pay, Leer would lose the value of the shipped jewelry and TBG would lose the value of its display materials, advertising, promotion and sales effort in selling that shipped jewelry, and to the extent the loss resulted in a failure to deliver, damage to TBG's relationship with a customer with whom TBG likely did other business as well.

16. From on or about November 1, 2004 to on or about April 1, 2005, TBG and Leer sold jewelry provided by Leer under the Brands pursuant to the Agreement.

17. From on or about November 1, 2004 to on or about April 1, 2005, Leer invoiced the customers for jewelry sold under the Brands and collected the sale proceeds from the customers.

18. From on or about November 1, 2004 to on or about April 1, 2005, Leer delivered the funds belonging to TBG from customer payments for the jewelry sold under the Brands to TBG upon the clearance of the funds Leer received.

19. On information and belief, Fab-Leer was formed on or about March 17, 1974 by M. Fabrikant & Sons, Inc. ("MFS"), a supplier of diamonds.

20. On information and belief, MFS and Leer decided to use Fab-Leer to supply precious and semi-precious jewelry, including diamonds, to TBG and others.

21. On or about April 1, 2005, MFS announced to the public that it and Leer had formed a new jewelry and solitaire company called "Fabrikant-Leer International."

22. Upon Leer and MFS deciding to use Fab-Leer to supply jewelry to TBG, TBG and Fab-Leer continued doing business in relation to the sale of jewelry.

23. From on or about April 1, 2005 to on or about May 16, 2006, Fab-Leer provided jewelry under the Brands pursuant to the Agreement, and did business with TBG in the same manner as Leer had, and adhered to the same terms, conditions and practices with TBG as Leer and TBG had prior to that time, and Fab-Leer intended to become and became TBG's joint venture partner in the sale of jewelry under the Brands.

24. From on or about June 1, 2005, Fab-Leer told the joint venture customers on invoices for the jewelry sold by the joint venture under the Brands that, "Effective June 1, 2005 'Leer Gem Ltd.' had changed its name to 'Fabrikant-Leer International Ltd.' This statement [the invoice] represents all open items previously billed under the name Leer Gem Ltd. as well as

those items subsequent to June 1, 2005 that have been billed to you [the customer] under the name Fabrikant-Leer International Ltd."

25. As of on or about May 16, 2006, Fab-Leer had collected $949,294.47 in cleared funds from TBG customers on sales of jewelry sold under the Brands from which TBG had not received its share (the "May Collected Amount").

26. $251,632.48 of the May Collected Amount belongs to TBG as its share of the May Collected Amount under the Agreement (the "May TBG Funds").

27. Consistent with the Agreement and past practice, the May TBG Funds should have been paid to TBG on or about May 16, 2006.

28. From on or about May 16, 2006 to on or about November 1, 2006, TBG repeatedly demanded the May TBG Funds from Fab-Leer, and any other funds Fab-Leer collected on TBG's behalf under the Agreement.

29. Notwithstanding the foregoing demands, Fab-Leer has failed to pay the May TBG Funds to TBG.

30. From on or after May 17, 2006 to on or about November 1, 2006, Fab-Leer has collected $325,161.85 in cleared funds from TBG customers on sales of jewelry sold under the Brands (the "November Collected Amount").

31. $79,649.41 of the November Collected Amount belongs to TBG as its share of the November Collected Amount under the Agreement (the "November TBG Funds").

32. Consistent with the Agreement and past practice, the November TBG Funds should have been paid by Fab-Leer to TBG as those funds cleared.

33. Notwithstanding the foregoing demands, Fab-Leer has failed to pay the November TBG Funds to TBG.

34. Upon information and belief, from on or after May 17, 2006, Fab-Leer has collected an additional $134,828.45 in cleared funds from TBG customers on sales of jewelry sold under the Brands (the "Prospective Collected Amount").

35. Upon information and belief, $48,624.70 of the Prospective Collected Amount belongs to TBG as its share of the Prospective Collected Amount pursuant to the Agreement.

36. Consistent with the Agreement and past practice, upon information and belief, the Prospective TBG Funds should have been paid by Fab-Leer to TBG as those funds cleared.

37. Notwithstanding the foregoing demands, Fab-Leer has not paid any of the Prospective TBG Funds to TBG.

## FIRST CLAIM FOR RELIEF
(Conversion)

38. TBG repeats and realleges each of the allegations of paragraphs 1 through 37 of this complaint as if fully set forth herein.

39. By on or about May 16, 2006, Fab-Leer had collected the May TBG Funds.

40. On or after May 17, 2006, Fab-Leer collected the November TBG Funds.

41. Upon information and belief, on or after May 17, 2006, Fab-Leer has collected the Prospective TBG Funds.

42. Fab-Leer has been aware at all times that it had no claim, right, title or interest in the May TBG Funds.

43. Fab-Leer has been aware at all times that it had no claim, right, title or interest in the November TBG Funds.

44. Upon information and belief, Fab-Leer has been aware at all times that it had no claim, right, title or interest in the Prospective TBG Funds.

45. Rather than paying over the May TBG Funds to TBG, Fab-Leer has converted the May TBG Funds for its own use without permission or authority to do so.

46. Rather than paying over the November TBG Funds to TBG, Fab-Leer has converted the November TBG Funds for its own use without permission or authority to do so.

47. Upon information and belief, rather than paying over the Prospective TBG Funds to TBG, Fab-Leer has converted the Prospective TBG Funds for its own use without permission or authority to do so.

48. Fab-Leer improperly and unlawfully exercised dominion and control over the May TBG Funds, to the exclusion of TBG's rights.

49. Fab-Leer improperly and unlawfully exercised dominion and control over the November TBG Funds, to the exclusion of TBG's rights.

50. Upon information and belief, Fab-Leer has improperly and unlawfully exercised improper and unauthorized dominion and control over the Prospective TBG Funds, to the exclusion of TBG's rights.

51. As a result of Fab-Leer's conversion of the May TBG Funds, the November TBG Funds, and, upon information and belief, the Prospective TBG Funds, TBG has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $379,906.59, with interest from May 16, 2006, and for such other costs and expenses as have been incurred or will be incurred by TBG by reason thereof.

52. Due to the knowing, intentional and malicious conduct of Fab-Leer, TBG is entitled to an award of punitive damages in an amount to be determined at trial, but in any event no less than $1,000,000.00.

## SECOND CLAIM FOR RELIEF
(Unjust Enrichment)

53. TBG repeats and realleges each of the allegations of paragraphs 1 through 52 as if fully set forth herein.

54. The May TBG Funds were the property of TBG from the time that they came into Fab-Leer's possession.

55. The November TBG Funds were the property of TBG from the time that they came into Fab-Leer's possession.

56. Upon information and belief, the Prospective TBG Funds were the property of TBG from the time that they came into Fab-Leer's possession.

57. Fab-Leer has taken possession and control of the May TBG Funds.

58. Fab-Leer has taken possession and control of the November TBG Funds.

59. Upon information and belief, Fab-Leer has taken possession and control of the Prospective TBG Funds.

60. Fab-Leer has been unjustly enriched by taking control of the May TBG Funds and not delivering those funds to TBG, in that Fab-Leer has obtained a monetary benefit to which it is not entitled.

61. Fab-Leer has been unjustly enriched by taking control of the November TBG Funds and not delivering those funds to TBG, in that Fab-Leer has obtained a monetary benefit to which it is not entitled.

62. Upon information and belief, Fab-Leer has been unjustly enriched by taking control of the Prospective TBG Funds, and not delivering those funds to TBG, in that Fab-Leer has obtained a monetary benefit to which it is not entitled.

63. Based upon the aforesaid, TBG has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $379,906.59, plus interest from May 16, 2006, and for such costs and expenses as have been incurred or will be incurred by TBG by reason thereof.

### THIRD CLAIM FOR RELIEF
(Money Had and Received)

64. TBG repeats and realleges each of the allegations of paragraphs 1 through 63 as if fully set forth herein.

65. Fab-Leer has received the May TBG Funds to which TBG has an immediate and superior right of possession.

66. Fab-Leer has received the November TBG Funds to which TBG has an immediate and superior right of possession.

67. Upon information and belief, Fab-Leer has received the Prospective TBG Funds to which TBG has an immediate and superior right of possession.

68. Fab-Leer has benefited from the receipt of the May TBG Funds.

69. Fab-Leer has benefited from the receipt of the November TBG Funds.

70. Upon information and belief, Fab-Leer has benefited from the receipt of the Prospective TBG Funds.

71. Under the relevant principles of equity and good conscience Fab-Leer should not be permitted to retain the May TBG Funds.

72. Under the relevant principles of equity and good conscience Fab-Leer should not be permitted to retain the November TBG Funds.

73. Upon information and belief, under the relevant principles of equity and good conscience Fab-Leer should not be permitted to retain the Prospective TBG Funds.

74. Based upon the aforesaid, TBG has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $379,906.59, with interest from May 16, 2006, and for such costs and expenses as have been incurred or will be incurred by TBG by reason thereof.

75. Due to the knowing, intentional and malicious conduct of Fab-Leer, TBG is entitled to an award of punitive damages in an amount to be determined at trial, but in any event no less than $1,000,000.00.

### FOURTH CLAIM FOR RELIEF
(Breach of Fiduciary Duty)

76. TBG repeats and realleges each of the allegations of paragraphs 1 through 75 as if fully set forth herein.

77. At all relevant times, Fab-Leer was acting as an agent of and on behalf of its joint venture partner TBG in respect to collecting the May TBG Funds as part of the proceeds of the sale of jewelry sold under the Brands.

78. At all relevant times, Fab-Leer was acting as an agent of and on behalf of its joint venture partner TBG in respect to collecting the November TBG Funds as part of the proceeds of the sale of jewelry sold under the Brands.

79. Upon information and belief, at all relevant times, Fab-Leer was acting as an agent of and on behalf of its joint venture partner TBG in respect to collecting the Prospective TBG Funds as part of the proceeds of the sale of jewelry under the Brands.

80. Fab-Leer did not act in good faith or in the best interests of its principal and joint venture partner TBG by disregarding TBG's rights as a joint venture partner and failing to follow its agreement with TBG by not paying over the May TBG Funds to TBG.

81. Fab-Leer did not act in good faith or in the best interests of its principal and joint venture partner TBG by disregarding TBG's rights as a joint venture partner and failing to follow its agreement with TBG by not paying over the November TBG Funds to TBG.

82. Upon information and belief, Fab-Leer did not act in good faith or in the best interests of its principal and joint venture partner TBG by disregarding TBG's rights as a joint venture partner and failing to follow its agreement with TBG by not paying over the Prospective TBG Funds to TBG.

83. Fab-Leer failed to act with undivided and unqualified loyalty to TBG and breached its fiduciary duty to TBG, and TBG has been damaged thereby.

84. Based upon the aforesaid, TBG has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $379,906.59, with interest from May 16, 2006, and for such costs and expenses as have been incurred or will be incurred by TBG by reason thereof.

## FIFTH CLAIM FOR RELIEF
(Constructive Trust and Accounting)

85. TBG repeats and realleges each of the allegations of paragraphs 1 through 84 as if fully set forth herein.

86. From on or about April 1, 2005 to on or about May 16, 2006, TBG provided the Brands, advertised and promoted the Brands and obtained customers for the jewelry provided by Fab-Leer sold under the Brands, and provided those customers with display materials, as TBG agreed it would do with Fab-Leer.

87. Pursuant to the Agreement, from on or about April 1, 2005 to on or about May 16, 2006, Fab-Leer provided, shipped and invoiced the jewelry sold under the Brands and collected the customer payments for this jewelry.

88. Pursuant to the Agreement, TBG and Fab-Leer were joint venturers with respect to the sale of and payment for jewelry provided by Fab-Leer under the Brands from on or about April 1, 2005 through on or about May 16, 2006, and as such Fab-Leer held TBG's share of the customer payments, whether made on or before May 16, 2006, or on or after May 17, 2006, as a constructive trustee for TBG.

89. TBG has no adequate remedy at law.

90. Fab-Leer must be compelled to disclose all the information it has concerning payments made by customers for the jewelry sold under the Brands for which TBG has not been paid its share, which information should include, but not be limited to, the amount paid against each customer invoice and when it was paid.

91. Fab-Leer must be compelled to disclose all of TBG's money it holds or was required to hold for TBG on the sale of jewelry under the Brands.

92. TBG has demanded the payment of these trust funds from Fab-Leer and has not received them.

## SIXTH CLAIM FOR RELIEF
(Breach of Contract)

93. TBG repeats and realleges each of the allegations of paragraphs 1 through 92 as if fully set forth herein.

94. Pursuant to the Agreement, from on or about April 1, 2005 to on or about May 16, 2006, TBG provided the Brands, advertised and promoted the Brands, and obtained customers for the jewelry provided by Fab-Leer which was sold under the Brands and gave those customers display materials.

95. Pursuant to the Agreement, from on or about April 1, 2005 to on or about May 16, 2006, Fab-Leer provided, shipped and invoiced the jewelry sold under the Brands as Fab-Leer agreed it would do with TBG and collected the customer payments for this jewelry.

96. On or about May 16, 2006, Fab-Leer collected the May Collected Amount.

97. Based on the Agreement, on or about May 16, 2006, Fab-Leer was to pay TBG the May TBG Funds.

98. Consistent with the Agreement and past practice, the May TBG Funds should have been paid to TBG on or about May 16, 2006.

99. From on or about May 16, 2006 to on or about November 1, 2006, TBG repeatedly demanded the May TBG Funds from Fab-Leer, and any other funds Fab-Leer collected on TBG's behalf.

100. On or after May 17, 2006, Fab-Leer collected the November Collected Amount from customers on sales of jewelry under the Brands.

101. Based on the Agreement, on or after May 17, 2006, Fab-Leer was to pay TBG the November TBG Funds.

102. Fab-Leer has breached the Agreement by not paying the November TBG Funds over to TBG.

103. Upon information and belief, on or after May 17, 2006, Fab-Leer collected the Prospective Collected Amount from customers on sales of jewelry under the Brands.

104. Based on its agreement with TBG, upon information and belief, on or after May 17, 2006, Fab-Leer was to pay TBG the Prospective TBG Funds.

105. Upon information and belief, Fab-Leer has breached the Agreement by not paying the Prospective TBG Funds over to TBG.

106. Based upon the aforesaid, TBG has been damaged in an amount to be established upon the trial of this matter, but believed to be no less than $379,906.59, with interest from May 16, 2006, and for such costs and expenses as have been incurred or will be incurred by TBG by reason thereof.

WHEREFORE, TBG respectfully requests judgment against Fab-Leer as follows:

1. On the first claim for relief, an amount to be established at the trial of this matter, but believed to be no less than $379,906.59, with interest from May 16, 2006, together with punitive damages as a result of Fab-Leer's knowing, intentional and malicious conduct;

2. On the second claim for relief, an amount to be established at the trial of this matter, but believed to be no less than $379,906.59, with interest from May 16, 2006;

3. On the third claim for relief, an amount to be established at the trial of this matter, but believed to be no less than $379,906.59, with interest from May 16, 2006, together with punitive damages as a result of Fab-Leer's knowing, intentional and malicious conduct;

4. On the fourth claim for relief, an amount to be established at the trial of this matter, but believed to be no less than $379,906.59, with interest from May 16, 2006;

5. On the fifth claim for relief, Fab-Leer must be ordered to disclose all the information it has concerning payments made by customers for the jewelry provided under the Brands for which TBG has not been paid its share, which information should include, but not be limited to, the amount paid against each customer invoice and when it was paid, and Fab-Leer must be ordered to disclose all of TBG's money it holds or was required to hold for TBG on the sale of jewelry provided under the Brands;

6. On the sixth claim for relief, an amount to be established at the trial of this matter, but believed to be no less than $793,906.59, with interest from May 16, 2006; and

7. Awarding TBG the costs and disbursements of this action, including reasonable attorneys' fees, and such other relief as this court deems just and proper.

Dated: New York, New York
       November 14, 2006

                              STEMPEL BENNETT CLAMAN &
                              HOCHBERG, P.C.

                              By: _____
                                 David G. Tobias (DT-3284)
                              Attorneys for Plaintiff
                              675 Third Avenue
                              New York, New York 10017
                              (212) 681-6500

OF COUNSEL:

Michael J. Schlesinger, Esq.
Law Offices of Michael J. Schlesinger, P.A.
501 Brickell Key Drive, Suite 506
Miami, Florida 33131